IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK X. VINCI,
    Plaintiff,

vs.                              Case No.: 3:10cv173/MCR/EMT

WARDEN CULPEPPER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights case is before the court upon Defendants' motion to dismiss for Plaintiff's failure to exhaust administrative remedies (doc. 69). Plaintiff has not responded to the motion, despite the court's directing him to do so (*see* doc. 72).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, the undersigned concludes that Defendants' motion should be granted and this case dismissed.

I.     BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff, proceeding pro se, commenced this action on or about May 21, 2010, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Now pending is Plaintiff's Fourth Amended Complaint (doc. 51). Plaintiff originally sued ten officials and employees of the Florida Department of Corrections ("DOC"): Doctor Cherry, River Junction Work Camp ("RJWC"); Lieutenant Barbara Smith, RJWC; Lieutenant McClamma, RJWC; Correctional Officer John Doe (unidentified) #1, RJWC; Lieutenant John Doe (unidentified) #2, RJWC; Nurse Cowherd, Sr., RJWC; Sergeant Sims, Apalachee Correctional Institution ("ACI"); Correctional Officer John Doe (unidentified) #3, ACI; Nurse Cowherd, Jr., ACI; and Warden Samuel Culpepper, formerly at RJWC and presently at Walton Correctional Institution ("WCI") (*id.* at 1–3). Plaintiff sued Defendants in their individual capacities for allegedly violating his First and Eighth Amendment rights (*id.* at 6–13).

On February 6, 2012, the district court entered an order dismissing some of Plaintiff's claims against some Defendants (doc. 56). The court allowed the following claims to survive: (1) Plaintiff's First Amendment retaliation claims against Lieutenant McClamma, Sergeant Sims, and Officer John Doe #3, (2) Plaintiff's Eighth Amendment claims against Sergeant Sims and Officer John Doe #3 for excessive force, and (3) Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs against Warden Culpepper, Dr. Cherry, Nurse Cowherd, Sr., Nurse Cowherd, Jr., Lieutenant John Doe #2, Sergeant Sims, and Officer John Doe #3 (*id.*).

The court directed service of the process upon the six identified Defendants, and advised Plaintiff that it was his responsibility to utilize the discovery process to identify the three "John Doe" Defendants (*see* doc. 58). Five identified Defendants have now been served, Warden Culpepper, Lieutenant McClamma, Dr. Cherry, Nurse Cowherd, Jr. (Scarlett Cowherd Varn), and Nurse Cowherd, Sr. (Charlotte Cowherd) (*see* docs. 64, 65, 74, 76, 77).[1]

On May 29, 2012, Defendants Culpepper and McClamma filed a joint motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1997(e)(a), arguing that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit (doc. 69). Defendants' motion is accompanied by supporting affidavits (*id.*, Exs. A, B). Plaintiff was given an opportunity to develop a record by obtaining affidavits, documents and any other materials and submitting them with his response to the motion to dismiss (*see* doc. 72). As previously noted, Plaintiff did not file a response.

II.   ANALYSIS

    A.   <u>Procedure for Ruling on Motion to Dismiss for Failure to Exhaust Administrative Remedies</u>

In <u>Bryant v. Rich</u>, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). The court held that the defense of failure to exhaust should be treated as a matter in abatement. *Id.* at 1374. "This means that

---

[1] Service upon Sergeant Sims was returned unexecuted by the special process server at Apalachee Correctional Institution (the institution where Plaintiff indicated this Defendant was employed) with a notation, "There is no Sgt. Sims employed at Apalachee C.I." (doc. 63).

Case No: 3:10cv173/MCR/EMT

procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (quoting Bryant, 530 F.3d at 1374).  Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  Bryant, 530 F.3d at 1374–75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps.  Turner, 541 F.3d at 1082.  First, the court looks to the factual allegations in Defendants' motion, and those in Plaintiff's response, if any.  *Id*.  If they conflict, the court accepts Plaintiff's version as true.  "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id.*; *see also* Bryant, 530 F.3d at 1373–74.

If the complaint is not subject to dismissal at the first step, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).  "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  *Id*.  Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, Plaintiff has exhausted his available administrative remedies.

B.  Exhaustion Requirement

Title 42 U.S.C. § 1997e  provides, in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of all available administrative remedies is a mandatory pre-condition to suit.  *See* Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also* Porter v. Nussle,  534 U.S. 516, 524–25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."); Parzyck v. Prison Health Serv., Inc., 627 F.3d 1215, 1217 (11th Cir. 2010).  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *See* Porter,  534 U.S. at 524.  Exhaustion

is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See* Booth, *supra* at 734. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *Id.* at 741 n.6; McCarthy v. Madigan, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998). Moreover, the PLRA requires "proper exhaustion," so that the agency has an opportunity to address the issues on the merits. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see also id.*, 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *See* Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Alexander, 159 F.3d at 1325–26.

The grievance procedures promulgated by the Florida DOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary ("Central Office"). *See* Fla. Admin. Code r. 33-103.005 to 33-103.007 (2008); *see also* Parzyck, 627 F.3d at 1218. If an inmate is filing a medical grievance, he may bypass use of an initial informal grievance and begin his medical complaint with a formal grievance at the institution. *See* Fla. Admin. Code r. 33-103.006(3)(e). This is known as a formal "Grievance of a Medical Nature." *Id.* at r. 33-103.008. If the inmate is dissatisfied with the result of the medical formal grievance (for example, if it is denied), the inmate is authorized to appeal to the Central Office. *Id.* at r. 33-103.007(1). If an inmate is filing a grievance of retaliation, known as a "Grievance of Reprisal," he may bypass use of informal and formal grievances and begin his complaint with a direct grievance to the Central Office. *Id.* at r. 33-103.007(6).

C. <u>Application of the Law to the Facts of this Case</u>

Defendants contend, and Plaintiff has not disputed, that Plaintiff did not utilize the prison grievance system to exhaust his claims prior to filing this lawsuit (doc. 69 at 4–8). In support of their contention, they submitted declarations of Elizabeth Wilson and Ashley Stokes, both of which were signed as true and correct under penalty of perjury (doc. 69, Exs. A, B). Ms. Wilson states she is

employed by the DOC as a Secretary Specialist at Walton Correctional Institution and has been since April 13, 1990 (Wilson Declaration ¶ 1). Ms. Wilson states all formal grievances filed by inmates in the DOC are logged into a statewide database (*id.*, ¶ 2). She states she reviewed the formal grievance database records for Plaintiff, and there is no record of his ever filing any formal grievances while in the custody of the DOC (*id.*, ¶ 3). Ms. Stokes states she is employed as an Operations Analyst I by the DOC, Bureau of Inmate Grievance Appeals in Tallahassee, Florida, and as such is the records custodian for the Bureau (doc. 69, Ex. B, ¶ 1). Ms. Stokes states she reviewed the available grievance appeal records for Plaintiff kept in the DOC's Central Office (*id.* ¶ 2). Ms. Stokes states there is no record of Plaintiff's having filed a grievance in the Central Office while in the custody of the DOC (*id.*, ¶ 3).

The law of the Eleventh Circuit is clear that the PLRA's exhaustion requirement requires proper exhaustion through the administrative grievance procedure created by the agency (the Florida DOC), including compliance with the agency's deadlines and other critical procedural rules. *See* Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding that "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); *accord* Woodford, 548 U.S. at 94 ("Requiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors. This is particularly important in relation to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons."); Woodford, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings).

In the instant case, Plaintiff has not disputed Defendants' assertion that he did not properly exhaust his administrative remedies prior to filing the instant federal action.[2] Therefore, Defendants are entitled to dismissal of this action, pursuant to 42 U.S.C. 1997e(a).

III.   CONCLUSION

Plaintiff failed to exhaust available administrative remedies under § 1997e(a) as to all of the claims presented in this lawsuit.  All of the Defendants are therefore entitled to dismissal of this case.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendants Culpepper and McClamma's motion to dismiss (doc. 69) be **GRANTED**.

2. That this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust available administrative remedies.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 13th day of July 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *Se*e **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] In Plaintiff's Fourth Amended Complaint, the operative pleading, he alleges he verbally asked Lieutenant McClamma why he had not seen a doctor or received stitches, a CAT scan, or an x-ray for his head injury (doc. 51 at 8).  He also alleges his wife constantly complained that he had received no medical treatment for his injury (*id.* at 9–10). However, Plaintiff's verbal complaints and the complaints of his wife are insufficient to satisfy the exhaustion requirement.  *See, e.g.,* Schlicher v. Fla. Dep't of Corr., 399 F. App'x 538 (11th Cir. 2010) (rejecting prisoner's arguments that the efforts he made, including writing letters to the Secretary of the FDOC, a federal judge, and the inspector general, and making verbal complaints to various prison officials, were sufficient to satisfy the exhaustion requirement).

Case No: 3:10cv173/MCR/EMT